Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

JUAN CHAVEZ,

                *Plaintiff*,

-against-

GERASIMOS THOMATOS and STEBAR FOOD CORP. d/b/a Walnut Bus Stop Coffee Shop

                *Defendants.*

------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No: 23-cv-1431

      JUAN CHAVEZ ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against GERASIMOS THOMATOS and STEBAR FOOD CORP. d/b/a Walnut Bus Stop Coffee Shop (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

      1.     Plaintiff is a former employee of Walnut Bus Stop Coffee Shop located at 881 East 134th Street Bronx, NY 10454 that was owned and operated by Defendants GERASIMOS THOMATOS and STEBAR FOOD CORP.

      2.     Defendant GERASIMOS THOMATOS owned, operated, and/or controlled a restaurant called Walnut Bus Stop Coffee Shop at 881 East 134th Street Bronx, NY 10454 from 2000 until late 2022.

1

3.	Plaintiff was employed by Defendants as a cook, porter, server, clerk and general laborer.

4.	At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

5.	Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6.	Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.	This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.	Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.	Plaintiff JUAN CHAVEZ ("Plaintiff CHAVEZ") is an adult individual residing in Bronx County, New York.

10. STEBAR FOOD CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintained its principal place of business at 881 East 134th Street Bronx, NY 10454.

11. Defendant GERASIMOS THOMATOS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant GERASIMOS THOMATOS is sued individually in his capacity as an owner, officer and/or agent of STEBAR FOOD CORP.

12. Defendants GERASIMOS THOMATOS possesses or possessed operational control over STEBAR FOOD CORP., possesses or possessed an ownership interest in STEBAR FOOD CORP., and controls or controlled significant functions of STEBAR FOOD CORP.

13. Defendant STEBAR FOOD CORP. is and was a closely held corporation where Defendant GERASMINOS THOMATOS was the sole, or majority, shareholder who had the exclusive right and power to make all decisions on behalf of the business and the ability to enter into contracts on behalf of the business, including the lease for the business.

14. Defendant GERASMIMOS THOMATOS owned and controlled the building wherein Walnut Bus Stop was located and from which it is operated.

15. Defendant GERASIMOS THOMATOS supervised the employees and daily operations on days.

16. Defendants GERASIMOS THOMATOS willfully and malicious failed to keep a record of Plaintiff's pay or hours worked in order to thwart Plaintiff from vindicating his rights under federal and state labor laws by hiding any paper trail of Defendants' violations.

17. Defendant GERASIMOS THOMATOS directedly Plaintiff and other employees in their work tasks and schedules.

18. Defendant GERASIMOS THOMATOS had the authority to hire and fire employees and did indeed hire Plaintiff.

19. Defendant GERASIMOS THOMATOS assigned daily work tasks to Plaintiff.

20. Defendant GERASIMOS THOMATOS supervised Plaintiff on a daily basis.

21. Defendant GERASIMOS THOMATOS controlled and/or supervised the payroll practices of Walnut Bus Stop Coffee Shop.

22. Defendant GERASIMOS THOMATOS issued pay to Plaintiff throughout his employ.

23. Defendant GERASIMOS THOMATOS set the schedule for Plaintiff.

24. Defendant GERASIMOS THOMATOS had exclusive control of the payroll practices at Defendant's restaurant and did indeed supervise and monitor Defendant's pay roll practices including how much Plaintiff worked and was paid.

25. Defendant GERASIMOS THOMATOS set the duties and responsibilities of Plaintiff and supervised their performance personally.

## **JOINT EMPLOYER**

26. Defendant GERASIMOS THOMATOS possesses operational control over STEBAR FOOD CORP., possesses ownership interests in STEBAR FOOD CORP., and controls significant functions of STEBAR FOOD CORP.

27. Defendants are associated and joint employers, act in the interest of each other.

28. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

29. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

30. In the alternative, Defendants constitute a single employer of Plaintiff.

31. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

32. In each year from 2017 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food items were used and sold daily at WALNUT BUS STOP COFFEE SHOP INC., such as potatoes, breads, flour, eggs, coffee, milk, meats, beverages and vegetables, were produced outside the State of New York.

34. Plaintiff CHAVEZ was individually engaged in interstate commerce by virtue of processing credit card payments on behalf of the business, inter alia.

*Plaintiff JUAN CHAVEZ*

35. Plaintiff CHAVEZ was employed by Defendants from approximately 2000 through March 19th, 2022.

36. Plaintiff CHAVEZ regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

37. Plaintiff CHAVEZ' work duties required neither discretion nor independent judgment.

38. Plaintiff CHAVEZ regularly worked in excess of 40 hours per week.

39. From 2017 until approximately March 2020, Plaintiff CHAVEZ worked for the Defendants six-days per week from approximately 4:00 A.M. until approximately between 2:00 P.M. and 3:00 P.M. (approximately 60 hours per week).

40. During this time period between 2017 and March 2020, Plaintiff was paid a fixed weekly salary of $600.00 with no premium for his overtime hours.

41. Defendants closed the business in late March 2020 until approximately June 2020 when they re-opened.

42. From June 2020 until approximately March 2022, Plaintiff CHAVEZ worked for the Defendants six-days per week from approximately 4:00 A.M. until approximately between 1:00 P.M. and 2:00 P.M. (approximately 54 hours per week).

43. From June 2020 until July 2020, Plaintiff was paid a fixed weekly salary of $550.00 with no premium for his overtime hours.

44. From August 2020 until March 2022, Plaintiff was paid a fixed weekly salary of $700.00 with no premium for his overtime hours.

45. No notification was given to Plaintiff CHAVEZ regarding overtime and wages under the FLSA and NYLL.

46. Defendants never provided Plaintiff CHAVEZ with each payment of wages a statement of wages, as required by NYLL 195(3).

47. Defendants never provided Plaintiff CHAVEZ, any notice in English and in Spanish (Plaintiff CHAVEZ's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

50. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

51. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. At all times relevant to this action, Defendants were Plaintiff CHAVEZ's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff CHAVEZ, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

54. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

55. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

56. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

57. Defendants' failure to pay Plaintiff MARCIALE at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

58. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

61. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

62. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. At all times relevant to this action, Defendants were Plaintiff CHAVEZ' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

65. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

66. Defendants' failure to pay Plaintiff the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

67. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

70. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

71. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

74. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

75. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

76. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

77. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours,

10

wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  (l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

  (m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  (n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

  (o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

  (p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (q) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
   February 21st, 2023

            By: */s/ Colin Mulholland*
               Colin Mulholland, Esq.
               30-97 Steinway, Ste. 301-A
               Astoria, New York 11103
               Telephone: (347) 687-2019
               *Attorney for Plaintiff*